Argued May 23, affirmed August 8, reconsideration denied
September 12, 1978, petition for review denied January 23, 1979

# BERRY et al, *Petitioners,*

*v.*

# STATE FORESTRY DEPARTMENT et al, *Respondents.*

## (ERB No. 583, CA 10083)

582 P2d 473

Bromleigh S. Lamb, Salem, argued the cause for petitioners. With him on the brief was John S. Irvin, Salem.

W. Benny Won, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Petitioners filed a petition with the Employment Relations Board under ORS 240.086(2) seeking to overturn a denial of salary increases. The petition was denied and they seek judicial review.

Petitioners are classified employees in the State Forestry Department. Prior to May 1, 1976, each was employed as a Forest Technician 1. As a result of a restructuring-reclassification effective May 1, 1976, the classification Forest Technician 1 was eliminated, and they were reclassified Forest Technicians, a new classification. The salary range for the new classification was higher than for the eliminated classification. The restructuring was requested by the Forestry Department and approved by the Personnel Division of the Executive Department. *See* ORS 240.220, 240.235(3) and 291.258.[1] The Emergency Board and the Governor approved the action, as required by statute. ORS 291.371 (Emergency Board);[2] 240.220(2), 240.235(2) (Governor).

---

[1] ORS 240.220:

"(1) An appointing authority desiring to establish a new position in the classified service or to make any permanent and substantial change in the duties, authority or responsibilities of a position in that service, shall notify the division in writing of the proposed change. Any employe affected by the contemplated change may appeal the change to the board.

"(2) A modification of the classification plan or the minimum qualifications shall be effective only when approved by the Governor."

ORS 240.235(3):

"Except as provided in subsection (4) of this section, each employe in the classified service shall be paid at one of the rates set forth in the compensation plan for the class of positions in which he is employed."

ORS 291.258:

"A new personnel position or classification, not provided in the budget of an agency upon which appropriations have been based, shall not be established without prior approval of the department."

[2] ORS 291.371:

"(1) As used in this section, 'legislative review agency' means the Joint Committee on Ways and Means during the period when the Legislative Assembly is in session and the Emergency Board during the interim period between sessions.

In submitting the reclassification plan to the Emergency Board, the Personnel Division requested only those salary increases which were necessary to bring all reclassified employees up to the minimum rate for the new classification. Petitioners, who were already at or above the minimum, received no increase. The reclassification proposal was submitted without salary increases for those already at or above the minimum because of a prior understanding reached by the Emergency Board and the Personnel Division that reclassifications resulting from restructuring would be submitted without salary increases other than required to bring affected employees to the minimum rate and that the Emergency Board would not approve reclassifications with other increases.

Personnel Division Rule 32-330 provides:

"When an employe is noncompetively advanced because of reclassification of his position he may be given an immediate increase to the next higher rate in the new salary range. * * *"

Petitioners contend that Rule 32-330 grants to the appointing authority (the Forestry Department) discretion immediately to increase the salary of every employee whose position is reclassified whenever the new classification has a higher salary range than the old. They argue that the Forestry Department properly exercised that discretion in promulgating Directive 5-1-3-410, which provides:

"An employe who is noncompetitively promoted through reclassification upward to a new classification

---

"(2) Prior to making any changes in a salary plan, establishing any new positions specifically not provided for in the budget of the affected agency or reclassifying any positions specifically provided for in the budget of the affected agency, the Executive Department shall submit the proposed changes to the legislative review agency. The proposed change shall only be approved and take effect if the legislative review agency finds that the affected agency can finance the proposed change within the limits of its biennial budget and that the proposed change conforms to legislatively approved salary policies. The effective date of the change shall be the date prescribed by the Personnnel Division."

with a higher salary range shall receive an immediate salary increase. * * *"

Under that directive and Personnel Division Rule 32-330, petitioners assert, they were entitled to salary increases upon reclassification regardless of whether there were funds in the Forestry Department budget which could properly be used to cover the increases. They argue that the Personnel Division was required as part of the reclassification proposal to submit to the Emergency Board a request for salary increases for all employees reclassified from Forest Technician 1 to Forest Technician, even though the Board had indicated that it would not approve a proposal including such increases.

The Employment Relations Board ruled that Personnel Division Rule 32-330 did not grant to the Forestry Department the authority to promulgate a rule such as Directive 5-1-3-410 and that the Personnel Division was not bound by that directive to seek salary increases for petitioners. We agree with the latter conclusion, and it is dispositive of the case.

■ The authority of the Forestry Department to grant immediate raises to those placed by the Personnel Division in a new classification with a higher salary range when there are funds in the Forestry Department budget which can properly be used to cover such increases is not in issue here. There is no requirement that such increases be approved by the Emergency Board (*see* ORS 291.326[3] and 291.371, *supra,* n2), and

---

[3] ORS 291.326(1):

"The Emergency Board, during the interim between sessions of the Legislative Assembly, may exercise the following powers:

"(a) Where an emergency exists, to allocate to any state agency, out of any emergency fund that may be appropriated to the Emergency Board for that purpose, additional funds beyond the amount appropriated to the agency by the Legislative Assembly, or funds to carry on an activity required by law for which an appropriation was not made.

"(b) Where an emergency exists, to authorize any state agency to expend, from funds dedicated or continuously appropriated for the uses

there would be no reason for petitioners to insist that such increases be submitted for Emergency Board approval. Although the record does not tell us the state of the Forestry Department budget, we assume that the increases sought required some budget adjustment by the Emergency Board. The issue is whether the Forestry Department can promulgate a directive binding the Personnel Division to include within a restructuring-reclassification proposal a request for salary increases for all employees placed into a classification with a higher salary range.

██ Under ORS 240.215 and 240.235[4] the Personnel Division has the authority and responsibility to establish and maintain classification and compensation plans for the classified service. Under ORS 240.220, 240.235(3) and 291.258 the Personnel Division also has the responsibility for the modification of those

and purposes of the agency, sums in excess of the amount of the budget of the agency as approved in accordance with law.

"(c) In the case of a new activity coming into existence at such a time as to preclude the possibility of submitting a budget to the Legislative Assembly for approval, to approve, or revise and approve, a budget of the money appropriated for such new activity.

"(d) Where an emergency exists, to revise or amend the budgets of state agencies to the extent of authorizing transfers between expenditure classifications within the budget of an agency."

[4] ORS 240.215(1):

"The division shall adopt a classification plan which shall group all positions in the classified service in classes based on their duties, authority and responsibilities; and which shall set forth for each class of positions, a class title and a statement of the duties, authority and responsibilities thereof. A statement of the minimum qualifications for each class shall be adopted in like manner. Each class of positions may be subdivided and classes may be grouped and ranked in an appropriate manner. The classification plan and minimum qualifications shall be effective only when approved by the Governor."

ORS 240.235(1):

"The division shall adopt a compensation plan which shall include, for each class or position, a minimum and a maximum rate, and such intermediate rates as are considered necessary or equitable. In establishing the rates the division shall consider the prevailing rates of pay for the services performed and for comparable services in public and private employment, living costs, maintenance or other benefits received by employes, and the state's financial condition and policies."

plans. Insofar as Forestry Department Directive 5-1-3-410 purports to require the Personnel Division, as a condition of any reclassification of the type involved here, to seek from the Emergency Board salary increases for all employees placed into a classification with a higher salary range, it conflicts with the Personnel Division's statutory responsibility and is beyond the department's authority. The Personnel Division would have been entitled to disregard the directive even if the Emergency Board had not previously indicated it would deny any proposal including such increases.[5]

■ Petitioners attempt to raise an additional argument concerning the constitutionality of ORS 291.371, but that issue is not property presented on this record.[6]

Affirmed.

----

[5] Insofar as petitioners are arguing that they are entitled to raises even if the Emergency Board refused to make any necessary budget adjustments, they are simply wrong.

[6] Petitioners argue that ORS 291.371 requires Emergency Board approval of all reclassifications, whether or not they involve budgetary adjustments. They assert that such a requirement is in violation of Article III, section 3 of the Oregon Constitution, which delimits the authority of the Emergency Board. The only issue raised at any stage of these proceedings, however, concerns the denial of salary increases. Petitioners have apparently overlooked the fact that unless the sought-for increases required some interim budgetary adjustment of the type entrusted to the Emergency Board by the Oregon Constitution and ORS 291.326, there was no need to seek Emergency Board approval of the increases.